UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK P. PARISH,
        Plaintiff,                             Case No. 1:14-cv-953
v.                                                HON. R. ALLAN EDGAR

COMMISSIONER OF SOCIAL SECURITY,
        Defendant.
_____/

## OPINION

Plaintiff Mark P. Parish applied for Social Security Disability Insurance benefits and for supplemental security income on October 12, 2012. Plaintiff claimed benefits for a disability he alleges began on October 1, 2012. On February 8, 2013, the Social Security Administration denied both applications. Plaintiff then filed a written request for a hearing by an Administrative Law Judge (ALJ). ALJ James F. Prothro presided over the hearing on October 15, 2013. Plaintiff was represented by attorney Benjamin J. Symko. Impartial vocational expert, Paul W. Delmar, testified at the hearing. On February 5, 2013, ALJ Prothro issued a written decision finding that Plaintiff is not disabled under sections 216(i) and 223(d), or under section 1614(a)(3)(A) of the Social Security Act. Plaintiff now seeks review of ALJ Prothro's decision.

The Commissioner found that plaintiff: 1) was not engaged in substantial gainful activity since October 1, 2012, the alleged onset date; 2) has severe impairments, including diverticulitis (status-post draining abscess and colectomy of the sigmoid colon); lumbar degenerative disc disease at L5-S1 disc bulge; an adjustment disorder; and depression. 20 C.F.R. §§ 404.1520(c), 416.920(c); 3) does not have an impairment that meets or exceeds an impairment in the Listings of Impairments and has the residual functional capacity to perform light work as defined by 20 C.F.R. §§ 404.1567(b), 416.967(b), with some exceptions; 4) is unable to perform any past relevant work; and 5) can perform other work that it exists in significant numbers in the national economy. (Docket #9-2 at 43)

Plaintiff argues that substantial evidence does not support a finding that he is not disabled. More specifically, the Plaintiff argues:

> I. Did the ALJ Fail to Properly Weigh the Medical Source Opinion Evidence According to the "Treating Physician Rule," 20 C.F.R. § 404.1527(c), 416.927(c), by:

> A. Improperly Weighing the Treating Source Opinion of Dr. Kevin McBride, Regarding Mr. Parish's Physical Limitations;
>
> B. Improperly Weighing the Treating Source Opinion of Dr. Kevin McBride, Regarding Mr. Parish's Mental Limitations; and
>
> C. Summarily Adopting the Non-Examining State Agency Medical Consultant's Opinion Without Properly Balancing the Factors or Giving Good Reasons for Adopting the Opinion?

(Docket #14 at 1–2).

This Court's review of a denial of disability benefits by the Commissioner is limited. The Court must determine whether the appropriate legal standard was applied and whether there is substantial evidence to support the denial. *See Abbott v. Sullivan*, 905 F.2d 918, 922 (6th Cir. 1980). Substantial evidence has been defined as "more than a mere scintilla" and "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). This Court does not review the record de novo and must uphold the decision of the Commissioner as long as it is supported by substantial evidence. *See Wright v. Massanari*, 321 F.3d 611, 614 (6th Cir. 2003).

In denying a request for benefits, the Commissioner is required to follow a sequential evaluation. First, the Commissioner must determine whether or not the plaintiff is engaged in substantial gainful activity. If so, the request for benefits is denied. Second, if the plaintiff is not engaged in substantial gainful activity, the Commissioner must then determine whether or not the plaintiff has a severe impairment. If the plaintiff does not have a severe impairment the request for benefits is denied. Third, the Commissioner must then determine whether plaintiff's severe impairment(s) meets or exceeds impairments in the Listings of Impairments. If the plaintiff's impairment does not meet the criteria of a listed impairment, the Commissioner must then assess the plaintiff's residual functional capacity, which looks at plaintiffs physical and mental work abilities despite his limitations. Fourth, the Commissioner determines whether, based on the plaintiff's residual functional capacity, he can perform his past relevant work. If he is able to perform past relevant work he is not disabled. Fifth, if plaintiff is unable to perform past relevant work, the Commissioner must determine whether the claimant can perform other work existing in significant numbers in the national economy, taking into account plaintiff's residual

functional capacity, age, education, and work experience. If the plaintiff can perform other work existing in significant numbers, he is not disabled. Plaintiff bears the burden of proof for all medical conditions and capacity, while the Commissioner bears the burden of demonstrating that other work exists in significant numbers in the national economy that plaintiff is capable of performing.

Plaintiff argues that the ALJ improperly discounted the treating source opinion of Dr. Kevin McBride, regarding his physical and mental limitations. Under the Social Security Act, opinions of long-term treating physicians are only given "great weight" when the opinions are supported by "sufficient clinical findings and are consistent with the evidence." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 287 (6th Cir. 1994); 20 C.F.R. § 404.1527(c). The ALJ afforded little weight to Plaintiff's treating physician's evaluations for several reasons:

> On May 22, 2013, Kevin McBride, MD declined to complete a statement of the claimant's functional abilities, stating that he did not feel he could accurately answer the questions (Exhibit 7F).
>
> The undersigned assigns reduced weight to the opinion statement of Dr. McBride in exhibit 14F. In July 2013, Dr. McBride opined that the claimant had extreme limitations in dealing with work stress, extreme limitations in maintaining attention and concentration; marked limitations in relating to co-workers, marked limitations in functioning independently; moderate limitations following work rules, moderate limitations in dealing with the public, moderate limitations in interacting with supervisors, and moderate limitations in using judgment. Further, Dr. McBride opined that the claimant has extreme limitations in handling complex job instructions, extreme limitations in handling detailed (but not complex) job instructions, and marked limitations in handling simple job instructions.
>
> The undersigned notes that Dr. McBride did not provide any medical findings or other rationale to support his opinion, even though the statement requested such an explanation. Further, between the alleged onset date in October 2012 until July 2013, the medical evidence of record fails to allege or document significant psychiatric or psychological treatment or mental status examination findings to support such an opinion. The degree of limitations described in Exhibit 14F is not compatible with the lack of contemporaneous mental health treatment except for the use of a prescription anti-depressant.
>
> The undersigned also assigns reduced weight to the statement of Dr. McBride concerning the claimant's physical capabilities in exhibit 13F. In the statement, Dr. McBride noted a diagnosis of recurrent diverticulitis. Dr. McBride indicated that the claimant could sit for one to two hours in an eight-hour workday and to stand and walk for one to two hours in an eight-hour workday. The claimant was

>able to lift up to 25 pounds. The claimant would have serious limitations as to pace and concentration, would need a sit-stand option as symptoms dictate, at will, he would likely miss three or more days of work and be tardy three or more days per month, and would need to take breaks from work as symptoms dictate.
>
>The undersigned notes that the statement in exhibit 13F posed several leading questions. It is interesting to note that the physician declined to answer whether the claimant was best suited for part-time work (or, in any event, did not answer that leading questions). Most significantly, the statement lacks any supporting rationale; the medical evidence of record since October 2012 (from Dr. McBride as well as other sources) does not support the restrictions proposed by Dr. McBride. Here, although the claimant did have some bouts of the diverticulitis between October 2012 and approximately December 2012, his impairments did not present work-preclusive limitations for any 12-month period since October 1, 2012, or any period expected to last 12 continuous months.
>
>Dr. McBride completed two forms at the request of the Michigan Department of Human Services (DHS) in December 2012 and again in December 2013. In the earlier statement, Dr. McBride described the claimant's condition as deteriorating and noted that the claimant required assistance with tasks requiring heavy manual labor (Exhibit 16F). In the later statement, Dr. McBride indicated that the claimant's back condition was deteriorating. The claimant needed assistance with tasks that required heavy lifting (Exhibit 17F). The undersigned does not find these statements provide a particularly probative value in formulating maximum residual functional capacity.

(Docket #9-2 at 40–1). The ALJ provided a thorough and complete analysis for why he chose to afford little weight to Dr. McBride's opinion. *See Warner*, 375 F.3d at 390 (quoting *Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985) ("The determination of disability is [ultimately] the prerogative of the [Commissioner], not the treating physician.")); *Buxton v. Halter*, 246 F.3d 762, 763 (6th Cir. 2001) (noting that while treating physician's opinions may be entitled to great weight, the ALJ is not bound by conclusory statements regarding whether a person is legally disabled, especially if the ALJ's decision is reasoned); *see also* 20 C.F.R. § 404.1527(d)(1)-(2) (noting that no special significance is given to medical opinions concluding a person is disabled, or opinions reserved to the Commissioner, such as the nature and severity of a person's impairments).

Here, the evidence of record provided sufficient information to determine Plaintiff's RFC, thereby reducing the opinion statements of Dr. McBride regarding Plaintiff's physical and mental limitation. For example, the ALJ considered the opinion of Dr. Venema, the state agency physician. *Blakley*, 581 F.3d at 409 ("In appropriate circumstances, opinions from State agency

medical . . . consultants . . . may be entitled to greater weight than the opinions of treating or examining sources."). In addition, the ALJ referenced Plaintiff's medical records regarding chronic lower back pain, including x-rays, medical exams, and physical therapy recommendations, but noted that "the claimant's statements concerning the intensity [10 out of 10], persistence and limiting efforts of these symptoms are not entirely credible for the reasons explained in this decision." (Docket #9-2 at 38, 39).

    The ALJ also recognized that there "is little actual mental health treatment except for the prescription of a psychotropic medication from Dr. McBride . . . [t]here are only very sparse mental status exam findings." (*Id.* at 36). In addition, the ALJ reviewed Plaintiff's daily living conditions and social functioning. As to the latter, the ALJ found that

> the claimant has mild difficulties, at the very most. While the undersigned has considered Dr. McBride's opinion statement discussed later in this decision, there is no indication or any specific incident in which the claimant has withdrawn from a social situation or has had significant difficulty with ordinary social interactions.

(*Id.*). The ALJ explained his decision and did not err in assigning reduced weight to Dr. McBride's physical and mental health opinions.

    The Plaintiff next asserts that the ALJ erred when he summarily assigned significant weight to the assessment of the non-examining State agency physician, Dr. William Venema, without properly balancing the *Wilson* factors or giving good reasons for adopting the opinion. 710 F.3d 365 (6th Cir. 2013). However, "opinions from nontreating and nonexamining sources are never assessed for 'controlling weight.' The Commissioner instead weighs these opinions based on the examining relationship (or lack thereof), specialization, consistency, and supportability, but only if a treating-source opinion is not deemed controlling." *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376 (6th Cir. 2013).

    The ALJ stated: "The undersigned assigns significant weight to the physical residual functional capacity assessment of non-examining physician William Venema, MD, in exhibits 1A and 2A. This assessment is well supported and not inconsistent with the record as a whole." (*Id.* at 41). Here, the treating-source physician was not deemed controlling and the ALJ explained, albeit briefly, why Dr. Venema's opinions were assigned significant weight. Both parties understood that Dr. Venema is a non-examining State agency physician, obviating the need to discuss the relationship or specialization factors in any detail. The ALJ provided an extensive review of the medical evidence, as stated above, which was used to determine the

Plaintiff's residual functional capacity.  This included review of x-rays, MRIs, physical examinations, and opinions from all physicians.  This evidence and conclusions support Dr. Venema's opinion, and refute the opinion of the treating physician.  Based on the medical evidence and Dr. Venema's opinion, the ALJ's determination that Plaintiff is not disabled is supported by substantial evidence. Therefore, this Court must affirm ALJ Prothro's decision.

Because the Commissioner's decision is supported by substantial evidence, **IT IS ORDERED** that the Commissioner's decision is **AFFIRMED** and the case is **DISMISSED**.  A judgment consistent with this opinion will be entered.

**SO ORDERED.**

Dated:      8/12/2015            /s/ R. Allan Edgar
                                 R. Allan Edgar
                                 United States District Court Judge